LAW OFFICE OF CRAIG A. SIMMERMON
Craig Simmermon (SBN 258607)
craig@simmermonlaw.com
3017 Douglas Blvd., Ste. 300
Roseville, CA 95661
T: (916) 878-6656

Attorney for Plaintiff
CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JACOBY & MEYERS, P.C.,<br><br>Defendant. | Case No. 23-1215<br><br>**COMPLAINT FOR:**<br><br>**1. Federal Service Mark Infringement**<br>**2. Federal Unfair Competition**<br>**3. Federal Service Mark Dilution**<br>**4. California Unfair Competition**<br>**5. California False or Misleading Statements**<br>**6. Common Law Trademark Infringement**<br>**7. Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION ("Plaintiff"), by and through its attorneys, Law Office of Craig A. Simmermon, for its Complaint against defendant JACOBY & MEYERS, P.C. ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of Plaintiff's federally-registered Service Mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of California under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the mark Service Mark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's legal services.

2.      Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees, and related relief.

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(1), in that Plaintiff and Defendant both reside in California wherein Plaintiff resides in this district, and 28 U.S.C. § 1391(c)(2), in that Plaintiff and Defendant are both subject to person jurisdiction in this district.

## PARTIES

5.      Plaintiff CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION is a corporation that is incorporated in California and has its principal place of business in Sacramento, California.

6. Upon information and belief, Defendant JACOBY & MEYERS, P.C. is a corporation that is incorporated in California and has its principal place of business in Beverly Hills, California.

**FACTS**

A. <u>Plaintiff and Its Service Mark</u>

7. Plaintiff is a law firm that practices personal injury law.

8. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 6,509,764 on the Principal Register in the United States Patent and Trademark Office for the Service Mark JUSTICE4YOU (hereinafter "Service Mark") for legal services. Attached as <u>Exhibit 1</u> is a true and correct copy of the registration certificate for Plaintiff's United States Service Mark Registration No. 6,509,764, which was issued by the United States Patent and Trademark Office on October 5, 2021.

9. The prosecution history of Service Mark Registration No. 6,509,764 states that the Service Mark JUSTICE4YOU is given protection for the Pseudo Marks: JUSTICE FOR YOU and JUSTICE FOUR YOU. Attached as <u>Exhibit 2</u> is a true and correct copy of the Trademark Snap Shot Publication Stylesheet.

10. Plaintiff has used the Service Mark in commerce throughout the United States and in Northern California continuously since at least as early as January 1, 2007 in connection with the offering for sale, sale, marketing, advertising, and promotion of legal services.

11. As a result of its widespread, continuous, and exclusive use of the Service Mark to identify its legal services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Service Mark.

12. Plaintiff's Service Mark is distinctive to both the consuming public and Plaintiff's trade.

13. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the legal services sold under the Service Mark including through plaintiff's marketing, advertising, and promotional efforts and channels for goods or services under its mark. During the period from 2010 to 2023 alone, Plaintiff has expended in excess of

five million four hundred sixty one thousand US Dollars ($5,461,000) on the marketing, advertising, and promotion of the legal services sold under the Service Mark.

14. Plaintiff distributes/provides and sells legal services under the Service Mark in radio, television, and display advertisement trade channels along with other trade channels.

15. Plaintiff has distributed or sold legal services in excess of one hundred ten million three hundred eighty-eight thousand US Dollars ($110,388,00) during the years 2007 to 2022 under the Service Mark.

16. Plaintiff offers and sells its legal services under its Service Mark to victims of personal injury.

17. The legal services Plaintiff offers under the Service Mark are of high quality winning a plurality of multi-million dollar settlements for its clients.

18. As a result of Plaintiff's expenditures and efforts, the Service Mark has come to signify the high quality of the legal services designated by the Service Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

19. Plaintiff has scrupulously and successfully enforced and protected its Service Mark since 2007.

B. <u>Defendant's Unlawful Activities</u>

20. Upon information and belief, Defendant is a law firm that practices personal injury law.

21. On or around January 2023, without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Service Mark, Defendant adopted and began using JUSTICE FOR YOU in US commerce, a mark identical to Plaintiff's Service Mark.  (The mark JUSTICE FOR YOU is hereinafter the "First Infringing Mark".)

22. The First Infringing Mark adopted and used by Defendant is identical to or confusingly similar to Plaintiff's Service Mark.

23. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, and sale of legal services using the First Infringing Mark throughout

1   Northern California.

2   24.   Upon information and belief, the services Defendant has marketed, advertised, promoted, offered for sale, and sold under the First Infringing Mark are legal services.

25.   Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its legal services under the First Infringing Mark through television, social media, radio, display, and internet advertising channels.

26.   Upon information and belief, Defendant has marketed, advertised, and promoted its legal services under the First Infringing Mark through television, social media, radio, display, and internet advertising channels which directly overlap Plaintiff's advertising channels using its Service Mark.

27.   Upon information and belief, Defendant offered and sold its legal services under the First Infringing Mark to victims of person injury.

28.   Upon information and belief, Defendant has removed instances of publication of the First Infringing Mark from its website: https://jacobymeyers.com.

29.   Upon information and belief, Defendant has removed narratives stating the First Infringing Mark from its YouTube channel: https://www.youtube.com/channel/UC7_0KqGQbyMmkVEE8HrSLGA .

30.   On or around February 15, 2023, Plaintiff's counsel sent a Cease and Desist Letter to Defendant objecting to Defendant's use of the First Infringing Mark. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendant.

31.   On or around March 3, 2023, Defendant sent a Response to the Plaintiff's Cease and Desist Letter.  Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Defendant's Response to Plaintiff's counsel's cease and desist letter to Defendant.

32.   On or around March 3, 2023, Defendant changed their advertising phrase from JUSTICE FOR YOU to JUCTICE FOR YOU SINCE 1972.

33.   Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Service Mark, Defendant willfully adopted and began using JUSTICE FOR YOU SINCE 1972 in US commerce, a mark with an identical

1  component to Plaintiff's Service Mark.  (The mark JUSTICE FOR YOU SINCE 1972 is
2  hereinafter the "Second Infringing Mark".)
3      34.    The Second Infringing Mark adopted and used by Defendant is confusingly similar
4  to Plaintiff's Service Mark.
5      35.    Upon information and belief, Defendant has been engaged in the advertising,
6  promotion, offering for sale, and sale of legal services using the Second Infringing Mark
7  throughout Northern California Attached hereto as Exhibit 5 is a true and correct copy of
8  Defendant's website showing Defendant's use of the Second Infringing Mark.
9      36.    Upon information and belief, the services Defendant has marketed, advertised,
10 promoted, offered for sale, and sold under the Second Infringing Mark are legal services.
11     37.    Upon information and belief, Defendant has marketed, advertised, promoted,
12 offered for sale, and sold its legal services under the Second Infringing Mark through television,
13 social media, radio, display, and internet advertising channels.
14     38.    Upon information and belief, Defendant has marketed, advertised, and promoted
15 its legal services under the Second Infringing Mark through television, social media, radio,
16 display, and internet advertising channels which directly overlaps Plaintiff's advertising channels
17 using its Service Mark.
18     39.    Upon information and belief, Defendant offered and sold its legal services under
19 the Second Infringing Mark to victims of person injury.
20     40.    On or around April, 2023, Plaintiff's counsel sent a second Cease and Desist Letter
21 to Defendant objecting to Defendant's use of the First and Second Infringing Mark. Attached
22 hereto as Exhibit 6 is a true and correct copy of Plaintiff's counsel's second cease and desist letter
23 to Defendant.
24     41.    Upon information and belief, Defendant did not respond to the second Cease and
25 Desist Letter.
26     42.    On or around October, 2023, Plaintiff's counsel sent a third Cease and Desist
27 Letter to Defendant objecting to Defendant's use of the First and Second Infringing Mark.
28 Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff's counsel's third cease and

desist letter to Defendant.

43. On or around November 1, 2023, Defendant sent a Response to the Plaintiff's third Cease and Desist Letter, where Defendant states that Defendant will stop using the mark JUSTICE FOR YOU SINCE 1972 "effective immediately…by the end of the day". Attached hereto as Exhibit 8 is a true and correct copy of Defendant's Response dated November 1, 2023.

44. On or around November 2, 2023, Plaintiff's counsel sent a Reply to the Plaintiff's Response requesting the parties enter into a Settlement Agreement. Attached hereto as Exhibit 9 is a true and correct copy of Plaintiff's Reply.

45. On or around November 14, 2023, Defendant sent a Response, where Defendant states that Defendant will start using the mark JUSTICE FOR YOU SINCE 1972 again and that Defendant will not enter into any Settlement Agreement. Attached hereto as Exhibit 10 is a true and correct copy of Defendant's Response dated November 14, 2023.

46. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's legal services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's legal services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

47. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Service Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's legal services to the Defendant.

48. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEFE (Federal Service Mark Infringement)**

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. Defendant's unauthorized use in commerce of the First Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of

Defendant's legal services, and is likely to cause consumers to believe, contrary to fact, that Defendant's legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes Service Mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

51. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

52. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

53. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEFE (Federal Service Mark Infringement)**

54. Plaintiff repeats and realleges paragraphs 1 through 53 hereof, as if fully set forth herein.

55. Defendant's unauthorized use in commerce of the Second Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's legal services, and is likely to cause consumers to believe, contrary to fact, that Defendant's legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes Service Mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

57. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEFE (Federal Unfair Competition)**

59. Plaintiff repeats and realleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60. Defendant's unauthorized use in commerce of the First Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's legal services, and is likely to cause consumers to believe, contrary to fact, that Defendant's legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

61. Defendant's unauthorized use in commerce of the First Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

62. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

63. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

1 | damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs
2 | of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together
3 | with prejudgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEFE (Federal Unfair Competition)**

66. Plaintiff repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

67. Defendant's unauthorized use in commerce of the Second Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's legal services, and is likely to cause consumers to believe, contrary to fact, that Defendant's legal services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

68. Defendant's unauthorized use in commerce of the Second Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

69. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

70. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

72. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FIFTH CLAIM FOR RELIEFE (Federal Service Mark Dilution)**

73. Plaintiff repeats and realleges paragraphs 1 through 72 hereof, as if fully set forth herein.

74. Plaintiff's Service Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75. Plaintiff's Service Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

76. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Service Mark Mark.

77. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Service Mark by undermining and damaging the valuable goodwill associated therewith.

78. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

79. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**SIXTH CLAIM FOR RELIEFE (Federal Service Mark Dilution)**

80. Plaintiff repeats and realleges paragraphs 1 through 79 hereof, as if fully set forth herein.

81. Plaintiff's Service Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

82. Plaintiff's Service Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

83. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Service Mark Mark.

84. Defendant's acts as alleged herein have tarnished and will, unless enjoined,

continue to tarnish, and are likely to tarnish Plaintiff's Service Mark by undermining and damaging the valuable goodwill associated therewith.

85. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

86. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**SEVENTH CLAIM FOR RELIEF (State Unfair Competition under Cal. Bus & Prof. Code §17200)**

87. Defendant's above-averred actions related to use of the First and Second Infringing Marks in commerce constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**EIGHTH CLAIM FOR RELIEF (False or Misleading Statements under Cal. Bus & Prof. Code §17500)**

88. Defendant's above-averred actions related to use of the First and Second Infringing Marks in commerce constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**NINTH CLAIM FOR RELIEF (Common Law Trademark Infringement)**

89. The Defendant's above-averred actions related to use of the First and second Infringing Marks in commerce constitute trademark infringement and passing off in violation of the common law of California.

**TENTH CLAIM FOR RELIEF (Common Law Unfair Competition)**

90. The Defendant's above-averred actions related to use of the First and Second Infringing Marks in commerce constitute a false designation of origin in violation of the common

1  law of California.

2

3       WHEREFORE, Plaintiff requests judgment against Defendant as follows:

4       1.      That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114);
Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15
U.S.C. § 1125(c)).

7       2.      That Defendant has violated Cal. Bus & Prof. Code §17200; Cal. Bus & Prof. Code
§17500; and Common Law Trademark Infringement.

9       3.      Granting an injunction preliminarily and permanently enjoining the Defendant, its
employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns,
and all of those in active concert and participation with any of the foregoing persons and entities
who receive actual notice of the Court's order by personal service or otherwise from:

13      a.      selling, marketing, advertising, promoting, or authorizing any third party to sell,
market, advertise, or promote legal services bearing the mark JUSTICE FOR YOU or any other
mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation
of Plaintiff's Service Mark;

17      b.      selling, marketing, advertising, promoting, or authorizing any third party to sell,
market, advertise, or promote legal services bearing the mark JUSTICE FOR YOU SINCE 1972
or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or
colorable imitation of Plaintiff's Service Mark;

21      c.      engaging in any activity that infringes Plaintiff's rights in its Service Mark;

22      d.      engaging in any activity constituting unfair competition with Plaintiff;

23      e.      engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's
Service Mark;

25      f.      making or displaying any statement, representation, or depiction that is likely to lead
the public or the trade to believe that (i) Defendant's legal services are in any manner approved,
endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise
connected with Plaintiff, or (ii) Plaintiff's legal services are in any manner approved, endorsed,

licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

    g.   using or authorizing any third party to use in connection with legal services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

    h.   registering or applying to register any trademark, Service Mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark JUSTICE FOR YOU or any other mark that infringes or is likely to be confused with Plaintiff's Service Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

    i.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

    4.   Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's legal services.

    5.   Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark JUSTICE FOR YOU or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials

featuring or bearing the mark JUCTISE FOR YOU or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Service Mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark JUCTISE FOR YOU or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark JUSTICE FOR YOU or any mark consisting of, incorporating, or containing Plaintiff's Service Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

11. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on

the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

DATED: November 28, 2023

Law Office of Craig A. Simmermon
By: */s/ Craig Simmermon*
Craig Simmermon
Attorney for Plaintiff
CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury in this matter.

DATED: November 28, 2023

Law Office of Craig A. Simmermon
By: */s/ Craig Simmermon*
Craig Simmermon
Attorney for Plaintiff
CLAYEO C. ARNOLD, A PROFESSIONAL CORPORATION